UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEETOGROUP, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DIGITAL MEDIA SOLUTIONS, LLC; W4 MEDIA, LLC; CRISP MARKETING, LLC; and DOES 1-100,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:22-cv-01396-AHG<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

Pursuant to Rule 16.1(d) of the Local Rules, a Case Management Conference ("CMC") was held on **February 17, 2023**. During the CMC, the parties indicated that they intended to consent to the undersigned as the presiding judge in this case and in the related case and in the related case *Digital Media Solutions, LLC v. Zeetogroup, LLC*, 3:22-cv-01184-AHG. *See* ECF No. 16. Due to the pending consent, the Court determined it was appropriate to issue a Scheduling Order once the consent process was complete. The parties have now submitted a Notice, Consent, and Reference of a Civil Action to a Magistrate Judge in both actions. ECF No. 29. After consulting with the attorneys of record for the

parties and being advised of the status of the case during the CMC,[1] and good cause appearing, **IT IS HEREBY ORDERED**:

    1.    The deadline for the parties to amend pleadings or add new parties is **March 31, 2023**.

    2.    If the parties still intend to file a motion to consolidate this case with the related case (as indicated in their Joint Case Management Statement), they must do so on or before the date that Plaintiff Zeetogroup, LLC ("Zeetogroup")—the Defendant in the related case—is ordered to file its anticipated renewed summary judgment motion there.[2] That filing deadline will be set according to the parties' proposed briefing schedule, which is due to be filed in the related case by March 20, 2023.

    3.    The parties must disclose the identity of their respective experts in writing by

---

[1] Some of the dates herein may differ from the dates provided to the parties during the CMC, since the Court anticipated at the time that the consent process would be completed sooner.

[2] Zeetogroup previously filed a summary judgment motion in the related case, which the Court denied as moot when the case was dismissed without prejudice for lack of subject matter jurisdiction on November 2, 2022. The following day, the Court issued an Order to Show Cause in this action, requiring Defendant Digital Media Solutions, LLC ("DMS") to show cause why this action should not also be dismissed for lack of subject-matter jurisdiction. ECF No. 8. However, following dismissal of the related case, the Court permitted DMS to conduct limited jurisdictional discovery regarding the citizenship of Zeetogroup's sole member Stephen Goss, which was the linchpin of the jurisdictional dispute. Based on Mr. Goss's deposition testimony, DMS responded to the Court's Order to Show Cause with evidence tending to show that Mr. Goss is a citizen of California for purposes of diversity jurisdiction. ECF No. 13. During the CMC, counsel for each side confirmed that although Zeetogroup does not expressly concede that subject-matter jurisdiction lies in this Court, it has no intention of disputing jurisdiction in either case moving forward. Because the case remains in federal court at this juncture, the Court finds it appropriate to continue this case on the litigation track. However, since defects in subject-matter jurisdiction are nonwaivable, *see Broce v. Arco Pipe Line Co.*, 28 F. App'x 653, 654 (9th Cir. 2002), the Court will *sua sponte* analyze that threshold question by separate order in due course.

**August 28, 2023**. The date for the disclosure of the identity of rebuttal experts must be on or before **September 25, 2023**. The written designations must include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list must also include the normal rates the expert charges for deposition and trial testimony. **The parties must identify <u>any</u> person who may be used at trial to present evidence pursuant to Fed. R. Evid. 702, 703 and 705, respectively. This requirement is not limited to retained experts.**

4. On or before **August 28, 2023**, each party must comply with the disclosure provisions in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. **This disclosure requirement applies to all persons retained or specifically employed to provide expert testimony or whose duties as an employee of the part regularly involve the giving of expert testimony.**

5. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(c) by **September 25, 2023**.

**6. Please be advised that failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37 including a prohibition on the introduction of experts or other designated matters in evidence.**

7. All fact discovery must be completed by all parties on or before **July 31, 2023**. All expert discovery must be completed by all parties on or before **October 27, 2023**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be**

**recognized by the court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

8. Because the parties consented to the Magistrate Judge as the Presiding Judge, the Court will refer this matter to another magistrate judge to conduct an early Mandatory Settlement Conference ("MSC"). The MSC will be set by the assigned magistrate judge by separate order. All parties are ordered to read and to fully comply with the Chambers Rules of the assigned magistrate judge.

9. All dispositive pretrial motions, other than *Daubert* motions, must be filed on or before **December 4, 2023**. Please be advised that counsel for the moving party must obtain a motion hearing date from one of Judge Goddard's law clerks. Motions in Limine are to be filed as directed in the Local Rules, or as otherwise set by Judge Goddard. *Daubert* motions are due by **March 1, 2024** and will be addressed during the Pretrial Conference.

10. Counsel must comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before **March 1, 2024**.

11. This order replaces the requirements under Civ. L. R. 16.1.f.6.c. No Memoranda of Law or Contentions of Fact are to be filed.

12. The parties must meet and confer on or before **March 8, 2024** and prepare a proposed pretrial order in the form as set forth in Civ. L. R. 16.1.f.6. The Court will

entertain any questions concerning the conduct of the trial at the pretrial conference.

13. Objections to Pre-trial disclosures must be filed no later than **March 15, 2024**.

14. The Proposed Final Pretrial Conference Order as described above must be prepared, served and lodged with Judge Goddard on or before **March 22, 2024**.

15. The final Pretrial Conference is scheduled for **March 29, 2024** at **9:30 AM** before Magistrate Judge Allison H. Goddard, presiding by consent. Trial will begin on **May 6, 2024** at **9:30 AM**. The Court will notify the parties of the courtroom where the Pretrial Conference and Trial will take place by separate order as the dates draw nearer.

16. A post-trial settlement conference before a different magistrate judge may be held within 30 days of verdict in the case.

17. The dates and times set forth herein will not be modified except for good cause shown.

18. Dates and times for hearings on motions must be approved by the Court's clerk before notice of hearing is served.

19. Briefs or memoranda in support of or in opposition to any pending motion must not exceed twenty-five (25) pages in length without leave of the Court. No reply memorandum will exceed ten (10) pages without leave of the Court. Briefs and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.

**IT IS SO ORDERED.**

Dated:  March 9, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge