UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITAL MEDIA SOLUTIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ZEETOGROUP, LLC,<br><br>Defendant. | Lead Case No.:  3:22-cv-01184-AHG<br><br>(Consolidated with No. 3:22-cv-01396-AHG)<br><br>**ORDER:**<br><br>**(1) DISMISSING THIS ACTION FOR LACK OF SUBJECT-MATTER JURISDICTION;**<br><br>**(2) REMANDING RELATED MEMBER CASE FOR LACK OF SUBJECT-MATTER JURISDICTION; and**<br><br>**(3) DENYING MOTION FOR SUMMARY JUDGMENT AS MOOT**<br><br>**[ECF No. 39]** |

This matter comes before the Court on Defendant Zeetogroup, LLC's ("Defendant") or ("Zeetogroup") Motion for Summary Judgment. ECF No. 39. However, as explained in the Court's Scheduling Order, the Court must resolve a threshold jurisdictional question before turning to the merits of the summary judgment motion.

## I. BACKGROUND OF THE JURISDICTIONAL QUESTION

The Court previously dismissed this case without prejudice for lack of subject matter jurisdiction, on the basis that neither party had provided "conclusive evidence" of the citizenship of Stephan Goss, who is the sole member of Zeetogroup. ECF No. 18 at 7. Without sufficient evidence of Mr. Goss's domicile from either side, the Court found that Plaintiff Digital Media Solutions, LLC ("Plaintiff" or "DMS") failed to meet its burden to adequately allege complete diversity, dismissed Plaintiff's Complaint without prejudice, and permitted Plaintiff to file an amended complaint within 30 days to cure the deficiencies noted in the order. *Id.* at 8-11. Following dismissal, the Court permitted Plaintiff to conduct limited jurisdictional discovery regarding Mr. Goss's citizenship. ECF No. 23. Based on Mr. Goss's deposition testimony, DMS filed an Amended Complaint in this action and responded to the Court's Order to Show Cause in the related action with evidence tending to show that Mr. Goss is a citizen of California for purposes of diversity jurisdiction. Although neither party continues to actively challenge subject-matter jurisdiction, because defects in subject-matter jurisdiction are nonwaivable, *see Broce v. Arco Pipe Line Co.*, 28 F. App'x 653, 654 (9th Cir. 2002), the Court will *sua sponte* analyze that threshold question before it reaches the merits of the summary judgment motion.

## II. DISCUSSION OF JURISDICTION

Diversity jurisdiction lies in federal court where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between:

> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign

> state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state [] as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332. The amount-in-controversy requirement is undisputedly met. DMS seeks to recover $944,176.27 in compensatory damages from Defendant Zeetogroup. *See* ECF No. 1 ¶¶ 10, 11, 16, 23; *id.* at 5-6. Therefore, the Court focuses its discussion on whether the parties are completely diverse.

Plaintiff and Defendant are both limited liability companies ("LLCs"). An LLC "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage*, 437 F.3d 894, 899 (9th Cir. 2006). Therefore, all members of DMS must be completely diverse from all members of Zeetogroup to establish diversity jurisdiction.

For a natural person to be deemed a citizen of a State within the meaning of the diversity statute, the person "must both be a citizen of the United States and be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). "A person's domicile is [his] permanent home, where [he] resides with the intention to remain or to which [he] intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). As discussed in the Court's previous order regarding subject-matter jurisdiction, United States citizens who are domiciled abroad are considered "stateless" for purposes of § 1332(a) and destroy complete diversity. ECF No. 18 at 4 (quoting *Marcus v. Alexandria Real Est. Equities, Inc.*, No. 2:21-CV-08088-SB-SK, 2022 WL 2815904, at *3 (C.D. Cal. May 3, 2022)) (other citation omitted); *see also Newman-Green*, 490 U.S. at 828-29. Further, any "stateless" member of an LLC renders the LLC "stateless" as well. *See* ECF No. 18 at 5 (collecting cases).

The record establishes—and neither party disputes—that Plaintiff DMS is a citizen of the states of Florida, Delaware, and New Jersey, as well as the foreign state of Canada. *See id.* at 6; ECF No. 8 at 3-4; ECF No. 8-1, Borghese Decl. ¶¶ 2-9. The point of

contention leading to the Court's previous order dismissing the case for lack of subject-matter jurisdiction is the citizenship of Defendant Zeetogroup's sole member, Stephan Goss. *See generally* ECF Nos. 8, 9, 18. At the time, Plaintiff alleged that Mr. Goss is a citizen of the state of California, based on a Statement of Information from the California Secretary of State showing that Mr. Goss shares a San Diego address with Zeetogroup. *See* Borghese Decl. ¶ 10; Ex. 1. Defendant refuted that allegation, contending that Mr. Goss was a "stateless alien," because he "has not lived in the United States since the beginning of the COVID-19 pandemic and is currently residing in Dubai." ECF No. 9-1, Cardwell Decl. ¶ 3. Ultimately, the Court determined that neither party had provided conclusive evidence of Mr. Goss's citizenship, because Plaintiff had at best established that Mr. Goss was a resident of the State of California—not that he was domiciled in California—and Defendant provided "equally weak evidence regarding the domicile of Mr. Goss" by failing to state how long Mr. Goss had been living in Dubai or whether he intended to remain there. ECF No. 18 at 8. Therefore, neither party presented sufficient evidence to show where Mr. Goss was domiciled. Finding that Plaintiff failed to meet its burden of showing by a preponderance of evidence that Mr. Goss is a citizen of the State of California, as opposed to a "stateless alien"—i.e., a United States citizen domiciled abroad—the Court dismissed the case without prejudice. ECF No. 18 at 8-11.

Thereafter, the Court permitted Plaintiff to conduct limited jurisdictional discovery regarding Mr. Goss's citizenship. ECF No. 23. As part of that jurisdictional discovery, counsel for DMS deposed Mr. Goss on December 21, 2022. *See* ECF No. 13-1, Ex. A ("Goss Dep."). Mr. Goss testified that he had traveled to "30-some countries since COVID started" after leaving the United States on June 10, 2020, and was currently living Dnipro, Ukraine. Goss Dep. 6:13-7:4; 7:18-20. Mr. Goss confirmed that before the COVID-19 pandemic began in the United States, he resided in San Diego, California for several years as a resident alien with Green Card status. *Id.* 10:7-24; 14:6-18; 40:2-22;

41:23-42:1. He further testified that he has never been a United States citizen.[1] *Id.* 39:19-21.

In DMS's response to the Court's Order to Show Cause ("OSC") regarding subject-matter jurisdiction in the member case *Zeetogroup, LLC v. Digital Media Solutions, LLC, et al.*, 3:22-cv-001396-AHG ("Member Case"), after deposing Mr. Goss, DMS continued to focus on the issue of Mr. Goss's domicile to argue that he is a citizen of the State of California. *See* Member Case, ECF No. 13. Specifically, DMS explained that "[t]here is a rebuttable presumption that, once established, a person's last known domicile remains their domicile until and unless rebutted with sufficient evidence of change." *Id.* at 2 (citing *Buscher v. Edelman*, 2021 WL 969208, at *4 (C.D. Cal. Mar. 4, 2021)). Since Mr. Goss has not established a new domicile since leaving California, DMS insists that he "remains a citizen of the State of California, for purposes of diversity jurisdiction." *Id.* at 3.

However, by focusing on Mr. Goss's last known domicile in California, DMS ignores the most salient piece of information it gleaned from Mr. Goss's deposition: he is not a United States citizen at all. To establish state citizenship for diversity purposes, "a party must (1) be a citizen of the United States, and (2) be domiciled in the state." *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Although DMS recites this same two-part test in its OSC Response in the Member Case, it fails to address how Mr. Goss's last known domicile in California is even relevant to the discussion when he

---

[1] The excerpts of the Goss deposition provided to the Court do not reveal the foreign state where Mr. Goss holds citizenship. However, in response to the question of whether he votes in the United States, Mr. Goss responded, "I was never a citizen, so I was never able to vote." Goss Dep. 39:19-21. Publicly available information indicates he is a Swiss citizen. *See* FORBES, *30 Under 30 – Marketing & Advertising (2018)*, *Profile of Stephan Goss*, available at https://www.forbes.com/profile/stephan-goss/?sh=502731355537 (last visited Mar. 22, 2024). For purposes of determining jurisdiction, however, the Court need not identify Mr. Goss's specific foreign citizenship; what is important to the analysis is that he is not a United States citizen, which is clearly established by the record.

is not a U.S. citizen in the first place. *See PW W. Coast LLC v. Monteverde*, No. 17-22233-CIV, 2018 WL 1795486, at *3 n.3 (S.D. Fla. Feb. 13, 2018) ("The Defendants' argument fails to distinguish between § 1332(a)(1), which applies to litigants who are United States citizens who from different American states, from § 1332(a)(2), which applies to litigants who are foreign nationals, rather than U.S. citizens or lawful permanent residents, for purposes of diversity jurisdiction. It is for this reason that the Defendants' arguments regarding domicile being established through residence and intent to remain are not relevant.").

Although DMS's argument for diversity jurisdiction fails, the Court has independently examined the possibility that diversity jurisdiction lies in this Court under either 28 U.S.C. § 1332(a)(2) or (a)(3), given that Mr. Goss is a foreign national. As recited above, subsection (a)(2) of the diversity statute provides that federal jurisdiction lies in civil actions between "citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." Subsection (a)(3) states that diversity jurisdiction lies in civil actions between "citizens of different States and in which citizens or subjects of a foreign state are additional parties."

However, because Plaintiff DMS is a citizen of the foreign state of Canada, and there is no citizen of any State on Defendant Zeetogroup's side, neither of these provisions establishes diversity jurisdiction here. That is, if Plaintiff DMS's members were all citizens of States within the United States bringing an action against an LLC that takes on the foreign citizenship of its sole member, diversity jurisdiction would lie under 28 U.S.C. § 1332(a)(2), because the action would be between "citizens of a State and [a] citizen[] or subject[] of a foreign state." However, this subsection cannot apply because DMS is a citizen of the foreign state of Canada in addition to being a citizen of the U.S. States of Florida, Delaware, and New Jersey. *See* ECF No. 8 at 3-4; ECF No. 8-1,

Borghese Decl. ¶¶ 2-9. If, on the other hand, there were a citizen of any U.S. State on Zeetogroup's side of the case—say, if the Zeetogroup LLC included another member who were a citizen of Texas—diversity jurisdiction would lie under § 1332(a)(3), because the action would be between completely diverse U.S. citizens of different States (Florida, Delaware, and New Jersey on one side and Texas on the other), in which citizens or subjects of a foreign state (Canada on one side and Mr. Goss's foreign state of citizenship on the other) are "additional parties." *See, e.g.*, *Transure, Inc. v. Marsh & McLennan, Inc.*, 766 F.2d 1297, 1298 (9th Cir. 1985) ("All of the authorities that have considered [whether aliens on both sides of the case destroy diversity jurisdiction] agree that federal diversity jurisdiction is not defeated where (1) there is a legitimate controversy between diverse citizens and aliens are additional parties; and (2) there is complete diversity as to the citizens.").

But with aliens on both sides of the case, and no party with U.S. citizenship on Zeetogroup's side, the law is well-established that diversity jurisdiction cannot lie. *See, e.g.*, *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569 (2004) (explaining that the case was properly dismissed for lack of subject-matter jurisdiction where the plaintiff, Atlas, "is a citizen of each State or foreign country of which any of its partners is a citizen. Because Atlas had two partners who were Mexican citizens at the time of filing, the partnership was a Mexican citizen. (It was also a citizen of Delaware and Texas based on the citizenship of its other partners.) And because the defendant, Dataflux, was a Mexican corporation, aliens were on both sides of the case, and the requisite diversity was therefore absent."); *Faysound Ltd. v. United Coconut Chemicals, Inc.*, 878 F.2d 290, 294–95 (9th Cir. 1989) (finding no diversity jurisdiction where there were aliens on both sides of a case, despite the presence of a United States party on the defendants' side, because "[d]iversity jurisdiction does not encompass foreign plaintiffs suing foreign defendants" and "[n]o reason occurs why we should seek to expand our jurisdiction by overturning the simple, firm, long-established, and unbroken interpretation of the jurisdictional statute, 28 U.S.C. § 1332(a)(2). As to the meaning of this statute the rule

established by Chief Justice Marshall controls: diversity must be complete.") (internal quotations and citations omitted); *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 991 (9th Cir. 1994) ("Although the federal courts have jurisdiction over an action between 'citizens of a State and citizens or subjects of a foreign state,' 28 U.S.C. § 1332(a)(2), diversity jurisdiction does not encompass a foreign plaintiff suing foreign defendants, such as an action between NIL and these alien defendants. Nike's presence as a plaintiff does not salvage jurisdiction because diversity must be complete.") (internal citation omitted); *Yarala v. Star Health & Allied Ins. Co. Ltd.*, No. 12-CV-11849-IT, 2014 WL 12689938, at *3 (D. Mass. July 11, 2014) ("Neither subsection (a)(2) nor (a)(3) grant this court jurisdiction over this case. Subsection (a)(2) requires complete diversity and here foreign citizens appear on both sides of the action . . . . Although subsection (a)(3) does not require complete diversity, it *does* require U.S. citizens to be on both sides of the action. Consequently, this court lacks subject matter jurisdiction over this case with the current configuration of parties.") (internal citations omitted). See also Stevenson & Fitzgerald, RUTTER GROUP PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL, Ch. 2C-4 §§ 2:1511-2:1515 (Calif. & 9th Cir. Edition 2023) (explaining that there is no diversity jurisdiction if there are aliens on both sides of the case and there are not completely diverse U.S. citizens on both sides, with no exception for permanent resident aliens).

The same problem destroys diversity jurisdiction in consolidated member case 3:22-cv-01396-AHG, *Zeetogroup, LLC v. Digital Media Solutions, LLC et al.* Although there are other parties named as Defendants on DMS's side in the Member Case, Zeetogroup, LLC remains the sole party on the plaintiff's side, with Stephan Goss as its sole member. Therefore, Zeetogroup has only foreign citizenship. Because DMS is a citizen of Canada in addition to Florida, Delaware, and New Jersey, once again there are aliens on both sides of the case with no U.S. citizens on the plaintiff's side. Therefore, the Court finds there is no federal jurisdiction over either action, and that this action must be dismissed *sua sponte* for lack of subject-matter jurisdiction. *See Scholastic Ent., Inc. v.*

*Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (holding that a federal court may dismiss an action *sua sponte* for lack of subject-matter jurisdiction without providing the parties notice or an opportunity to respond). Further, because the Member Action was removed from the Superior Court rather than originally filed in federal court like this action, it is due to be remanded rather than dismissed. *See* Member Case, ECF No. 1 (Notice of Removal of case number 37-2022-00032443-CU-BC-CTL from Superior Court, State of California, San Diego County).

### III.   CONCLUSION

For the reasons explained above, the Court finds it lacks subject-matter jurisdiction over this action or the consolidated member case *Zeetogroup, LLC v. Digital Media Solutions, LLC et al*, Case No. 3:22-cv-01396-AHG.

Therefore, the Court **DISMISSES** this action (3:22-cv-01184-AHG) for lack of subject-matter jurisdiction. Zeetogroup's Motion for Summary Judgment (ECF No. 39) is **DENIED as moot**.

Pursuant to 28 U.S.C. § 1447(c), the Court **REMANDS** the Member Case (3:22-cv-01396-AHG) to the Superior Court of California, County of San Diego.

The Clerk is **DIRECTED** to file a copy of this Order **in each action**[2] and to close both cases accordingly, with a certified copy of the Order sent to the State Court in the Member Action.

**IT IS SO ORDERED.**

Dated:  March 25, 2024

Honorable Allison H. Goddard
United States Magistrate Judge

---

[2] In its Order consolidating this action with the Member Case, the Court ordered all subsequent filings to be made only in the lead case. ECF No. 37 at 4. However, because the Member case is due to be remanded rather than dismissed, it is appropriate to enter this Order in each, to keep the record clear in the Member Case on remand to state court.